UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                        Plaintiff,

            -against-

ROCKLAND COUNTY,

                        Defendant.

25-CV-6598

**ORDER**

CATHY SEIBEL, United States District Judge:

Plaintiff, who is proceeding *pro se*, has filed a motion to proceed anonymously.  (ECF

No. 6 ("Mot.").)  For the following reasons, the motion is denied.

## DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a]

complaint must name all the parties."  Fed. R. Civ. P. 10(a).  "This requirement . . . serves the

vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set

aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).

Courts consider the following non-exhaustive list of factors in determining whether to

allow a plaintiff to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a
> personal nature; (2) whether identification poses a risk of retaliatory physical or
> mental harm to the party seeking to proceed anonymously or even more critically,
> to innocent non-parties; (3) whether identification presents other harms and the
> likely severity of those harms, including whether the injury litigated against
> would be incurred as a result of the disclosure of plaintiff's identity; (4) whether
> the plaintiff is particularly vulnerable to the possible harms of disclosure,
> particularly in light of [her] age; (5) whether the suit is challenging the actions of
> the government or that of private parties; (6) whether the defendant is prejudiced
> by allowing the plaintiff to press [her] claims anonymously, whether the nature of
> that prejudice (if any) differs at any particular stage of the litigation, and whether
> any prejudice can be mitigated by the district court; (7) whether the plaintiff's
> identity has thus far been kept confidential; (8) whether the public's interest in the
> litigation is furthered by requiring the plaintiff to disclose [her] identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190.[1]  "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

Turning to the first factor, Plaintiff's allegations are insufficient to show that her claims are of a highly sensitive nature.  Plaintiff alleges that she experienced workplace retaliation after she reported that her colleague was experiencing sexual harassment.  (ECF No. 1 ¶¶ 2, 4-5.)  But "courts in this Circuit have found that claims of employment discrimination generally are not highly sensitive or personal in nature." *See Perelman v. Visa USA, Inc.*, No. 24-CV-9793, 2025 WL 2962006, at *1 (S.D.N.Y. Oct. 20, 2025) (collecting cases).  The first factor thus does not weigh in favor of granting anonymity.

Second, in her motion for leave to proceed anonymously, Plaintiff suggests that "[t]he circumstances giving rise to this action involve sensitive employment-related matters, including prior internal complaints and potentially stigmatizing allegations that could negatively impact Plaintiff's reputation, future employment prospects, and personal safety if her identity were publicly disclosed."  (Mot. ¶ 2.)  Plaintiff's motion and complaint do not set forth any facts which support her fear of damage to her reputation, limited future employment prospects, or personal safety issues, and thus these conclusory allegations are insufficient to show a risk of retaliatory physical, mental, or other harm that might justify anonymity.  *See Perelman*, 2025 WL 2962006, at *1 (conclusory allegations of harm unsupported by specific facts suggesting plaintiff

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

would be targeted for bringing fairly typical employment discrimination action insufficient to meet second or third factor).  Further, even if Plaintiff provided evidence of social stigmatization or economic harm, including potential professional losses, such allegations are generally insufficient to proceed anonymously.  *See id.* ("[E]vidence of embarrassment or social stigmatization or economic harm do not generally warrant granting a plaintiff anonymity . . . ."); *Doe v. Townes*, No. 19-CV-8034, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) (same); *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-CV-5601, 2015 WL 7017431, at *3-4 (S.D.N.Y. Nov. 12, 2015) (rejecting request to proceed anonymously where plaintiff alleged being named may cause economic hardship and loss of professional goodwill including future employment advancement opportunities) (collecting cases).  Finally, "Plaintiff does not contend that her identification poses a risk of harm to any innocent non-parties," a factor with which "courts are especially concerned."  *Doe v. Weinstein,* 484 F. Supp. 3d 90, 96 (S.D.N.Y. 2020).  Accordingly, the second and third factors weigh against granting anonymity.

Similarly, the fourth factor weighs against Plaintiff's request.  "[W]hen the plaintiff is an adult, the fourth factor weighs against anonymity because adults are not deemed to be particularly vulnerable to possible harms of disclosure."  *Perelman*, 2025 WL 2962006, at *2.  Thus, because Plaintiff is an adult, the fourth factor weighs against anonymity.

The fifth factor is neutral.  Plaintiff brings claims against Rockland County, and thus "the plaintiff's interest in proceeding anonymously is considered particularly strong," in part because "there is arguably a public interest in a vindication of [plaintiff's] rights" and "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant."  *Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 274 (E.D.N.Y. 2015); *see Valdez v. Town of Brookhaven*, No. 05-CV-4323, 2006 WL

8436040, at *5 (E.D.N.Y. Sept. 25, 2006) (granting plaintiffs leave to proceed anonymously where plaintiffs challenged actions of governmental entity, the Town of Brookhaven).  On the other hand, some courts "have also determined that suing the government can weigh *against* the use of a pseudonym," especially where "the involvement of the government indicates that there is a public interest in the facts of the incident at issue as opposed merely to a public interest in knowledge of the manner in which the courts function in resolving disputes."  *Doe v. N.Y.C. Dep't of Educ.*, No. 23-CV-198, 2023 WL 5237520, at *4 (S.D.N.Y. Aug. 15, 2023) (emphasis in original) (finding fifth factor weighed against proceeding anonymously in employment discrimination action against city's department of education).  And "the fact that . . . plaintiff[] is suing the government . . . does not, by itself, justify granting a motion to proceed anonymously."  *Plaintiffs #1-21*, 138 F. Supp. 3d at 275.

Next, Plaintiff states that she "is not seeking anonymity to gain unfair advantage or to prejudice the Defendant," (Mot. ¶ 4); proceeding anonymously "would not impede the Defendant's ability to defend against the claims," (*id.* ¶ 5); and she would "disclose her identity to the Court and to the Defendant's counsel under protective conditions if necessary," (*id.*).  But "[t]he Court cannot accept Plaintiff's mere speculation that [the County's] defense would not be prejudiced."  *Doe*, 484 F. Supp. 3d at 96-97.  Rather, anonymity may "make it difficult to obtain witnesses and witness testimony if Defendant is not able to discuss Plaintiff's identity with witnesses."  *Perelman*, 2025 WL 2962006, at *2.  Further, "plaintiff has raised serious allegations of discrimination and fairness requires [s]he be prepared to stand behind h[er] allegations publicly."  *Id.*; *see Doe*, 2023 WL 5237520, at *4 (to the same effect).  Thus, the sixth factor weighs against granting anonymity.

As for the seventh factor, Plaintiff has not made any representations as to whether her name has been kept confidential thus far. (*See generally* Mot.) Nevertheless, Plaintiff did not file this case in her own name and sought to proceed anonymously the same day that she filed her complaint. *Cf. Perelman*, 2025 WL 2962006, at *2 (factor weighed against anonymity where plaintiff filed case in own name and only sought to proceed anonymously a year later). Thus, assuming that Plaintiff's information has, thus far, been kept confidential weighs in favor of anonymity. *See Doe*, 2023 WL 5237520, at *4 (factor weighed in favor of anonymity where plaintiff had kept her identity confidential from public and revealed name only to court and defendant). This factor, however, "is not dispositive." *Id.*; *see Doe*, 484 F. Supp. 3d at 97 ("Assuming that Plaintiff has kept her identity confidential thus far, the Court nonetheless finds that the balance of interests weighs against granting Plaintiff's motion to proceed under a pseudonym.").

As to the next two factors, pursuant to which the Court must determine whether "the public interest in the litigation favors disclosure of the plaintiff's identity," *Perelman*, 2025 WL 2962006, at *2, "the Court finds that open proceedings will benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication," *Doe*, 2023 WL 5237520, at *4. This is particularly true here because

> [t]he public has a significant interest in learning the details of employment discrimination [and retaliation] cases to ensure that employers are held accountable for any discrimination [or retaliation] and to ensure that the employment laws are not invoked for frivolous reasons. Employment discrimination [and retaliation] is a serious matter and the public and the courts have an interest in ensuring the laws are enforced equitably.

*Perelman*, 2025 WL 2962006, at *2; *see also Doe*, 2023 WL 5237520, at *4 (public has interest in knowing facts involved in lawsuit, including identities of parties, especially where the case "does not involve abstract challenges to public policies, but rather particular actions and

incidents" like in discrimination suit).  Thus, the eighth and ninth factors also weigh against granting anonymity.

Finally, the Court has alternative mechanisms for protecting Plaintiff's confidentiality, such as issuing a protective order to protect sensitive information during discovery, which is "something done in most employment discrimination cases."  *Perelman*, 2025 WL 2962006, at *3; *see Doe*, 2023 WL 5237520, at *5 (suggesting measures like redactions or sealed submissions to protect plaintiff's privacy).

Although Plaintiff's desire to shield herself from public scrutiny is understandable, "[c]ourts have put weight on the right of the public to know the identity of the litigants," and the burden is on the party seeking to proceed pseudonymously to "rebut the presumption of public access."  *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022).  "[T]he bar to proceed in Court anonymously is high . . . ."  *Doe v. Delta Air Lines, Inc.*, No. 23-CV-931, 2023 WL 7000939, at *2 (E.D.N.Y. Sept. 7, 2023).  After balancing the factors, the Court concludes that Plaintiff has not demonstrated that her case is an exceptional one that should be allowed to proceed pseudonymously.

## CONCLUSION

Accordingly, Plaintiff's motion to proceed under a pseudonym is DENIED.  Assuming Plaintiff wishes to pursue the case, she is directed to file publicly, no later than November 20, 2025, an Amended Complaint that reveals the sealed and redacted information in her original Complaint, (ECF No. 1).  If Plaintiff chooses not to pursue the case, she shall so notify the Court no later than November 20, 2025, and the claims will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:  November 6, 2025
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.